# Exhibit 1

Electronically Filed - Jackson - Independence - December 10, 2025 - 11:18 AM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
### AT INDEPENDENCE

JENNIFER REYNOLDS, SURVIVING DAUGHTER  )
OF BOK LEE REYNOLDS,                    )
P.O. Box 460302                         )
Glendale, CO 80246                      )
                                        )
                                        )
and                                     )     Case No. _____
                                        )
MICHELLE REYNOLDS, SURVIVING DAUGHTER )      Division: _____
OF BOK LEE REYNOLDS,                    )
5400 Johnson Dr., Unit 175              )
Mission, KS 66205                       )
                                        )
                                        )
        Plaintiffs,                     )
                                        )
v.                                      )
                                        )
ROSEWOOD HEALTH AND REHAB CENTER, LLC )
    **Serve Registered Agent**:         )
    Jeff Davis                          )
    3625 Magnolia Avenue                )
    Saint Louis, MO 63110               )
                                        )
        Defendant.                      )

## PETITION

COME NOW Plaintiffs, and for her allegations common to all counts of this Petition against Defendant state and allege:

1.      Decedent Bok Lee Reynolds was at all material times a resident of 1415 West White Oak Independence, MO 64050, as a patient at Rosewood Health And Rehab Center and/or The Groves.

2.      This action is brought in accordance with the Missouri Wrongful Death Statute RSMO § 537.080 et seq.

1

Electronically Filed - Jackson - Independence - December 10, 2025 - 11:18 AM

3. At all material times, Plaintiff Jennifer Reynolds was the natural daughter of Decedent Bok Lee Reynolds. Plaintiff Jennifer Reynolds resides in Colorado. Plaintiff Jennifer Reynolds is a proper party to bring this suit in the wrongful death of Decedent Bok Lee Reynolds pursuant to RSMO § 537.080(1).

4. At all material times, Plaintiff Michelle Reynolds was the natural daughter of Decedent Bok Lee Reynolds. Plaintiff Michelle Reynolds resides at the above-captioned address. Plaintiff Michelle Reynolds is a proper party to bring this suit in the wrongful death of Decedent Bok Lee Reynolds pursuant to RSMO § 537.080(1).

5. Defendant Rosewood Health and Rehab Center, LLC is and was at all times a Missouri limited liability corporation and has a registered agent in Missouri such that jurisdiction is proper pursuant to Mo. Rev. Stat. § 506.500.

6. At all times relevant, Defendant Rosewood Health and Rehab Center, LLC owned, operated, and did business as a Missouri licensed nursing home located at 1415 West White Oak Independence, MO 64050.

7. At all times relevant hereto, individuals caring for Decedent Bok Lee Reynolds were acting as employees, agents, and servants of Defendant such that Defendant is legally liable and responsible for their negligent acts as below stated.

FACTUAL ALLEGATIONS

8. Decedent Bok Lee Reynolds, at the time of her death, was a 74-year-old woman.

9. Decedent Bok Lee Reynolds was a fall risk due to multiple past falls, possible Alheimer's and/or dementia, and/or comorbidities.

10. While a patient at Rosewood Health and Rehab Center, LLC, Decedent Bok Lee Reynolds experienced multiple falls.

2

11. Decedent Bok Lee Reynolds experienced an unwitnessed fall on August 6, 2024.

12. Decedent Bok Lee Reynolds experienced a witnessed fall on August 10, 2024.

13. Decedent Bok Lee Reynolds experienced a witnessed fall on November 7, 2024.

14. On December 14, 2024, at approximately 1:20 p.m., Decedent Bok Lee Reynolds experienced a fall. It is unclear whether the fall was witnessed. Decedent Bok Lee Reynolds sustained a 2 cm laceration to the back of her head as well as bleeding from her left ear.

15. Approximately 40 minutes after the fall, an ambulance was called and Decedent Bok Lee Reynolds was transported to Centerpoint Medical Center.

16. At Centerpoint Medical Center, a CT scan of Decedent Bok Lee Reynold's head showed: 1) Acute left subdural hematoma measuring 1.7 cm in thickness with mass effect and 1.0 cm left to right midline shift; 2) Left orbitofrontal and bilateral anterior temporal lobe hemorrhagic contusions and mild scattered posttraumatic subarachnoid blood; and 3) Nondisplaced right temporal bone fracture, likely passing through the middle ear, with blood in the sphenoid sinus with a couple of foci of pneumocephalus in the sella, fracture in this region is suspected.

17. Decedent Bok Lee Reynolds was admitted to the ICU.

18. A repeat CT scan of Decedent Bok Lee Reynolds head showed no significant change.

19. On December 19, 2024, Decedent Bok Lee Reynolds was transferred from the ICU to GIP Hospice for palliative care.

20. At 11:55 am on December 21, 2024, Decedent Bok Lee Reynolds died as a result of complications of blunt force head injury.

COUNT I
Negligence

3

COME NOW Plaintiffs and for Count I of this Petition against Defendant, pursuant to R.S.Mo. §537.080, state and allege:

21. Plaintiffs hereby incorporate by reference each of the preceding paragraphs as though fully set forth herein.

22. Defendant had a duty to use that degree of skill, care, learning, and judgment ordinarily used under the same or similar circumstances by members of its profession.

23. Defendant failed to use that degree of skill, care, learning, and judgment ordinarily used under the same or similar circumstances by members of its profession in that Defendant, acting by and through their employees and/or agents and/or servants, were negligent in the following particulars:

    a. Defendant failed to use reasonable care to assure Decedent was free from falls while a resident at its facility;

    b. Defendant failed to use reasonable care to implement a care plan that protected Decedent from falling in its facility;

    c. Defendant failed to review Decedent's care plan every time she suffered a fall and to implement new safety procedures to prevent future falls from occurring;

    d. Defendant failed to develop an appropriate comprehensive care plan for Decedent;

    e. Defendant failed to institute proper modes of prevention and monitoring of Decedent for falls;

    f. Defendant failed to provide proper care and treatment to Decedent;

    g. Defendant failed to properly protect Decedent from falling;

4

h. Defendant failed to recognize, evaluate and manage Decedent for intracranial bleeding after she had a fall where she struck her head;

i. Defendant failed to properly train and educate its employees regarding how to care for patients like Decedent Bok Lee Reynolds;

j. Defendant failed to perform a proper, thorough, and accurate fall risk assessment for Decedent Bok Lee Reynolds;

k. Defendant failed to create and follow the provisions of Decedent Bok Lee Reynolds's care plan so as to provide Decedent Bok Lee Reynolds adequate supervision and numbers of staff as provided for and required in said care plan;

l. Defendant failed to promulgate, disseminate and enforce acceptable policies and procedures in its facility;

m. Defendant failed to hire, retain, employ and train adequate number of the required skilled and qualified staff to provide treatment, monitoring and care services to Decedent Bok Lee Reynolds;

n. Defendants failed to prevent neglect to Decedent Bok Lee Reynolds of such a character and to such an extent that it constituted and amounted to abuse as defined by applicable standards and regulations; and

o. Such other instances of negligent acts or omissions as may become evident during the course of discovery.

24. As the surviving daughters of Decedent Bok Lee Reynolds, Plaintiffs are members of the class of individuals authorized to pursue the wrongful death claim involving Decedent Bok Lee Reynolds pursuant to RSMO § 537.080.

5

25.     As a direct and proximate result of the negligence of Defendant, Decedent Bok Lee Reynolds suffered and endured prior to her death a significant level of physical and mental pain and suffering.

26.     As a direct and proximate result of the negligence of Defendant, Plaintiffs, as the daughters and heirs-at-law of Decedent, have suffered mental anguish, suffering, and bereavement; loss of society, companionship, comfort, and protection; loss of attention, advice, and counsel; loss of parental care, training, guidance, and education; and reasonable funeral expenses.

WHEREFORE, Plaintiffs pray for judgment against Defendant under Count I of this Petition, in a sum greater than twenty-five thousand dollars and for just and fair compensation adequate to compensate Plaintiffs for the injuries and damages suffered and incurred in the past and will continue to suffer and incur in the future, as well as for Plaintiffs' costs herein incurred and expended, and for such and further relief as the Court may deem just and necessary under the circumstances.

COUNT II
Negligence Per Se

27.     Plaintiffs hereby incorporate by reference each of the preceding paragraphs as though fully set forth herein.

28.     While providing care and treatment to Decedent Bok Lee Reynolds, the employees, agents, and/or servants of Defendant breached their duty to Decedent Bok Lee Reynolds and were guilty of acts of negligence and negligence *per se* in violating regulations governing residential care facilities including but not limited to the following:

■ 19 C.S.R. 30-85.042(3). The operator shall be responsible to assure compliance with all applicable laws and rules. The administrator shall be fully authorized and empowered to make decisions regarding the operation of the facility and

6

shall be held responsible for the actions of all employees. The administrator's responsibilities shall include the oversight of residents to assure that they receive appropriate nursing and medical care.

- 19 C.S.R. 30-85.042(13). The facility shall develop policies and procedures applicable to its operation to insure the residents' health and safety and to meet the residents' needs. At a minimum there shall be policies covering personnel practices, admission, discharge, payment, medical emergency treatment procedures, nursing practices, pharmaceutical services, social services, activities, dietary, housekeeping, infection control, disaster and accident prevention, residents' rights and handling residents' property.

- 19 C.S.R. 30-85.042(15). All personnel shall be fully informed of the policies of the facility and of their duties.

- 19 C.S.R. 30-85-14.042(16). All persons who have any contact with the residents in the facility shall not knowingly act or omit any duty in a manner which would materially and adversely affect the health, safety, welfare or property of a resident.

- 19 C.S.R. 30-85.042(22). The facility must ensure there is a system of in-service training for nursing personnel which identifies training needs related to problems, needs, care of residents and infection control and is sufficient to ensure staff's continuing competency.

- 19 C.S.R. 30-85.042(37). All facilities shall employ nursing personnel in sufficient numbers and with sufficient qualifications to provide nursing and related services which enable each resident to attain or maintain the highest practicable level of physical, mental and psychosocial well-being. Each facility shall have a licensed nurse in charge who is responsible for evaluating the needs of the residents on a daily and continuous basis to ensure there are sufficient trained staff present to meet those needs.

- 19 C.S.R. 30-85.14.042(66). Each resident shall receive twenty-four (24)-hour protective oversight and supervision.

- 13 C.S.R. 15-14.042(67). Each resident shall receive personal attention and nursing care in accordance with his/her condition and consistent with current acceptable nursing practice.

- 19 C.S.R. 30-85.042(81). Staff shall inform the administrator of accidents, injuries or unusual occurrences which adversely affect, or could adversely affect the resident. The facility shall develop and implement responsive plans of action.

29. The purpose and intent of the regulations is to protect the health,

safety and well-being of skilled nursing facility residents and as a skilled nursing

7

resident Decedent Bok Lee Reynolds was a member of the class of persons intended to be protected by the enactment of the aforementioned regulations.

30. The injuries sustained by Decedent Bok Lee Reynolds were the type of injuries that the regulations were enacted to prevent.

31. As a direct and proximate result of the conduct of Defendants, Decedent Bok Lee Reynolds suffered severe physical pain, severe mental anguish, medical and hospital expenses, immobility, and death. As set forth in Section 537.090, R.S.Mo., those damages suffered by Decedent Bok Lee Reynolds between the time of her admission to Defendant's facility and her fall on or about December 14, 2024, and subsequent death were significant.

32. As a further direct and proximate result of the conduct of Defendants, Plaintiff has sustained losses because of William Johnson's death in the nature of loss of services, companionship, comfort, instruction, guidance, counsel, training and support.

WHEREFORE, Plaintiffs pray for judgment against Defendant under Count II of this Petition, in a sum greater than twenty-five thousand dollars and for just and fair compensation adequate to compensate Plaintiffs for the injuries and damages suffered and incurred in the past and will continue to suffer and incur in the future, as well as for Plaintiffs' costs herein incurred and expended, and for such and further relief as the Court may deem just and necessary under the circumstances.

8

Electronically Filed - Jackson - Independence - December 10, 2025 - 11:18 AM

Respectfully submitted,

/s/ Jason P. Osteen
Jason P. Osteen                    MO# 53549
Dempsey, Kingsland & Osteen, P.C.
1100 Main Street, Suite 1860
Kansas City, Missouri 64105
(816) 421-6868  Fax: (816) 421-2610
ATTORNEY FOR PLAINTIFFS


## DEMAND FOR JURY TRIAL

COMES NOW Plaintiff and demands a trial by jury on all issues in the above captioned

case.

Respectfully submitted,

/s/ Jason P. Osteen
Jason P. Osteen                    MO# 53549
Dempsey, Kingsland & Osteen, P.C.
1100 Main Street, Suite 1860
Kansas City, Missouri 64105
(816) 421-6868  Fax: (816) 421-2610
ATTORNEY FOR PLAINTIFFS

9

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

| | |
|---|---|
| JENNIFER REYNOLDS, SURVIVING DAUGHTER ) | |
| OF BOK LEE REYNOLDS, et al. ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | Case No. 2516-CV40535 |
| ) | |
| ROSEWOOD OPERATOR, LLC, ) | Division 12 |
| ) | |
| ) | |
| **Defendant.** ) | |

**FIRST AMENDED PETITION**

COME NOW Plaintiffs, and for her allegations common to all counts of this Petition against Defendant state and allege:

1.     Decedent Bok Lee Reynolds was at all material times a resident of 1415 West White Oak Independence, MO 64050, as a patient at Rosewood Health And Rehab Center and/or The Groves.

2.     This action is brought in accordance with the Missouri Wrongful Death Statute RSMO § 537.080 et seq.

3.     At all material times, Plaintiff Jennifer Reynolds was the natural daughter of Decedent Bok Lee Reynolds. Plaintiff Jennifer Reynolds resides in Colorado.  Plaintiff Jennifer Reynolds is a proper party to bring this suit in the wrongful death of Decedent Bok Lee Reynolds pursuant to RSMO § 537.080(1).

4.     At all material times, Plaintiff Michelle Reynolds was the natural daughter of Decedent Bok Lee Reynolds. Plaintiff Michelle Reynolds resides at the above-captioned address.

1

Plaintiff Michelle Reynolds is a proper party to bring this suit in the wrongful death of Decedent Bok Lee Reynolds pursuant to RSMO § 537.080(1).

5.    Defendant Rosewood Operator, LLC is and was at all times a Missouri limited liability corporation and has a registered agent in Missouri such that jurisdiction is proper pursuant to Mo. Rev. Stat. § 506.500.

6.    At all times relevant, Defendant Rosewood Operator, LLC owned, operated, and did business as a Missouri licensed nursing home located at 1415 West White Oak Independence, MO 64050.

7.    At all times relevant hereto, individuals caring for Decedent Bok Lee Reynolds were acting as employees, agents, and servants of Defendant such that Defendant is legally liable and responsible for their negligent acts as below stated.

FACTUAL ALLEGATIONS

8.    Decedent Bok Lee Reynolds, at the time of her death, was a 74-year-old woman.

9.    Decedent Bok Lee Reynolds was a fall risk due to multiple past falls, possible Alheimer's and/or dementia, and/or comorbidities.

10.    While a patient at Rosewood Operator, LLC, Decedent Bok Lee Reynolds experienced multiple falls.

11.    Decedent Bok Lee Reynolds experienced an unwitnessed fall on August 6, 2024.

12.    Decedent Bok Lee Reynolds experienced a witnessed fall on August 10, 2024.

13.    Decedent Bok Lee Reynolds experienced a witnessed fall on November 7, 2024.

14.    On December 14, 2024, at approximately 1:20 p.m., Decedent Bok Lee Reynolds experienced a fall.  It is unclear whether the fall was witnessed.  Decedent Bok Lee Reynolds sustained a 2 cm laceration to the back of her head as well as bleeding from her left ear.

Electronically Filed - JACKSON - INDEPENDENCE - February 06, 2026 - 11:23 AM

15. Approximately 40 minutes after the fall, an ambulance was called and Decedent Bok Lee Reynolds was transported to Centerpoint Medical Center.

16. At Centerpoint Medical Center, a CT scan of Decedent Bok Lee Reynold's head showed: 1) Acute left subdural hematoma measuring 1.7 cm in thickness with mass effect and 1.0 cm left to right midline shift; 2) Left orbitofrontal and bilateral anterior temporal lobe hemorrhagic contusions and mild scattered posttraumatic subarachnoid blood; and 3) Nondisplaced right temporal bone fracture, likely passing through the middle ear, with blood in the sphenoid sinus with a couple of foci of pneumocephalus in the sella, fracture in this region is suspected.

17. Decedent Bok Lee Reynolds was admitted to the ICU.

18. A repeat CT scan of Decedent Bok Lee Reynolds head showed no significant change.

19. On December 19, 2024, Decedent Bok Lee Reynolds was transferred from the ICU to GIP Hospice for palliative care.

20. At 11:55 am on December 21, 2024, Decedent Bok Lee Reynolds died as a result of complications of blunt force head injury.

COUNT I
Negligence

COME NOW Plaintiffs and for Count I of this Petition against Defendant, pursuant to R.S.Mo. §537.080, state and allege:

21. Plaintiffs hereby incorporate by reference each of the preceding paragraphs as though fully set forth herein.

22. Defendant had a duty to use that degree of skill, care, learning, and judgment ordinarily used under the same or similar circumstances by members of its profession.

3

Electronically Filed - JACKSON - INDEPENDENCE - February 06, 2026 - 11:23 AM

23. Defendant failed to use that degree of skill, care, learning, and judgment ordinarily used under the same or similar circumstances by members of its profession in that Defendant, acting by and through their employees and/or agents and/or servants, were negligent in the following particulars:

a. Defendant failed to use reasonable care to assure Decedent was free from falls while a resident at its facility;

b. Defendant failed to use reasonable care to implement a care plan that protected Decedent from falling in its facility;

c. Defendant failed to review Decedent's care plan every time she suffered a fall and to implement new safety procedures to prevent future falls from occurring;

d. Defendant failed to develop an appropriate comprehensive care plan for Decedent;

e. Defendant failed to institute proper modes of prevention and monitoring of Decedent for falls;

f. Defendant failed to provide proper care and treatment to Decedent;

g. Defendant failed to properly protect Decedent from falling;

h. Defendant failed to recognize, evaluate and manage Decedent for intracranial bleeding after she had a fall where she struck her head;

i. Defendant failed to properly train and educate its employees regarding how to care for patients like Decedent Bok Lee Reynolds;

j. Defendant failed to perform a proper, thorough, and accurate fall risk assessment for Decedent Bok Lee Reynolds;

4

k. Defendant failed to create and follow the provisions of Decedent Bok Lee Reynolds's care plan so as to provide Decedent Bok Lee Reynolds adequate supervision and numbers of staff as provided for and required in said care plan;

l. Defendant failed to promulgate, disseminate and enforce acceptable policies and procedures in its facility;

m. Defendant failed to hire, retain, employ and train adequate number of the required skilled and qualified staff to provide treatment, monitoring and care services to Decedent Bok Lee Reynolds;

n. Defendants failed to prevent neglect to Decedent Bok Lee Reynolds of such a character and to such an extent that it constituted and amounted to abuse as defined by applicable standards and regulations; and

o. Such other instances of negligent acts or omissions as may become evident during the course of discovery.

24. As the surviving daughters of Decedent Bok Lee Reynolds, Plaintiffs are members of the class of individuals authorized to pursue the wrongful death claim involving Decedent Bok Lee Reynolds pursuant to RSMO § 537.080.

25. As a direct and proximate result of the negligence of Defendant, Decedent Bok Lee Reynolds suffered and endured prior to her death a significant level of physical and mental pain and suffering.

26. As a direct and proximate result of the negligence of Defendant, Plaintiffs, as the daughters and heirs-at-law of Decedent, have suffered mental anguish, suffering, and bereavement; loss of society, companionship, comfort, and protection; loss of attention, advice,

5

and counsel; loss of parental care, training, guidance, and education; and reasonable funeral expenses.

WHEREFORE, Plaintiffs pray for judgment against Defendant under Count I of this Petition, in a sum greater than twenty-five thousand dollars and for just and fair compensation adequate to compensate Plaintiffs for the injuries and damages suffered and incurred in the past and will continue to suffer and incur in the future, as well as for Plaintiffs' costs herein incurred and expended, and for such and further relief as the Court may deem just and necessary under the circumstances.

<u>COUNT II</u>
<u>Negligence Per Se</u>

27.     Plaintiffs hereby incorporate by reference each of the preceding paragraphs as though fully set forth herein.

28.     While providing care and treatment to Decedent Bok Lee Reynolds, the employees, agents, and/or servants of Defendant breached their duty to Decedent Bok Lee Reynolds and were guilty of acts of negligence and negligence *per se* in violating regulations governing residential care facilities including but not limited to the following:

- 19 C.S.R. 30-85.042(3).  The operator shall be responsible to assure compliance with all applicable laws and rules.  The administrator shall be fully authorized and empowered to make decisions regarding the operation of the facility and shall be held responsible for the actions of all employees.  The administrator's responsibilities shall include the oversight of residents to assure that they receive appropriate nursing and medical care.

- 19 C.S.R. 30-85.042(13).  The facility shall develop policies and procedures applicable to its operation to insure the residents' health and safety and to meet the residents' needs.  At a minimum there shall be policies covering personnel practices, admission, discharge, payment, medical emergency treatment procedures, nursing practices, pharmaceutical services, social services, activities, dietary, housekeeping, infection control, disaster and accident prevention, residents' rights and handling residents' property.

6

Electronically Filed - JACKSON - INDEPENDENCE - February 06, 2026 - 11:23 AM

- 19 C.S.R. 30-85.042(15). All personnel shall be fully informed of the policies of the facility and of their duties.

- 19 C.S.R. 30-85-14.042(16). All persons who have any contact with the residents in the facility shall not knowingly act or omit any duty in a manner which would materially and adversely affect the health, safety, welfare or property of a resident.

- 19 C.S.R. 30-85.042(22). The facility must ensure there is a system of in-service training for nursing personnel which identifies training needs related to problems, needs, care of residents and infection control and is sufficient to ensure staff's continuing competency.

- 19 C.S.R. 30-85.042(37). All facilities shall employ nursing personnel in sufficient numbers and with sufficient qualifications to provide nursing and related services which enable each resident to attain or maintain the highest practicable level of physical, mental and psychosocial well-being. Each facility shall have a licensed nurse in charge who is responsible for evaluating the needs of the residents on a daily and continuous basis to ensure there are sufficient trained staff present to meet those needs.

- 19 C.S.R. 30-85.14.042(66). Each resident shall receive twenty-four (24)-hour protective oversight and supervision.

- 13 C.S.R. 15-14.042(67). Each resident shall receive personal attention and nursing care in accordance with his/her condition and consistent with current acceptable nursing practice.

- 19 C.S.R. 30-85.042(81). Staff shall inform the administrator of accidents, injuries or unusual occurrences which adversely affect, or could adversely affect the resident. The facility shall develop and implement responsive plans of action.

29.     The purpose and intent of the regulations is to protect the health, safety and well-being of skilled nursing facility residents and as a skilled nursing resident Decedent Bok Lee Reynolds was a member of the class of persons intended to be protected by the enactment of the aforementioned regulations.

30.     The injuries sustained by Decedent Bok Lee Reynolds were the type of injuries that the regulations were enacted to prevent.

7

Electronically Filed - JACKSON - INDEPENDENCE - February 06, 2026 - 11:23 AM

31.       As a direct and proximate result of the conduct of Defendant, Decedent Bok Lee Reynolds suffered severe physical pain, severe mental anguish, medical and hospital expenses, immobility, and death. As set forth in Section 537.090, R.S.Mo., those damages suffered by Decedent Bok Lee Reynolds between the time of her admission to Defendant's facility and her fall on or about December 14, 2024, and subsequent death were significant.

32.       As a further direct and proximate result of the conduct of Defendants, Plaintiff has sustained losses because of William Johnson's death in the nature of loss of services, companionship, comfort, instruction, guidance, counsel, training and support.

WHEREFORE, Plaintiffs pray for judgment against Defendant under Count II of this Petition, in a sum greater than twenty-five thousand dollars and for just and fair compensation adequate to compensate Plaintiffs for the injuries and damages suffered and incurred in the past and will continue to suffer and incur in the future, as well as for Plaintiffs' costs herein incurred and expended, and for such and further relief as the Court may deem just and necessary under the circumstances.

Respectfully submitted,

/s/ Jason P. Osteen
Jason P. Osteen                MO# 53549
Dempsey, Kingsland & Osteen, P.C.
1100 Main Street, Suite 1860
Kansas City, Missouri 64105
(816) 421-6868  Fax: (816) 421-2610
ATTORNEY FOR PLAINTIFFS


DEMAND FOR JURY TRIAL

COMES NOW Plaintiff and demands a trial by jury on all issues in the above captioned

8

Electronically Filed - JACKSON - INDEPENDENCE - February 06, 2026 - 11:23 AM

case.

Respectfully submitted,

/s/ Jason P. Osteen
Jason P. Osteen        MO# 53549
Dempsey, Kingsland & Osteen, P.C.
1100 Main Street, Suite 1860
Kansas City, Missouri 64105
(816) 421-6868  Fax: (816) 421-2610
**ATTORNEY FOR PLAINTIFFS**

I hereby certify that a copy of the
above and foregoing was emailed
this 6th day of February 2026 to:

Jeffrey Dunn
Sandberg Phoenix

701 Market Street, Suite 600

St. Louis, MO 63101
JDunn@sandbergphoenix.com
Tel: 314.231.3332 | Direct: 314.446.4245

Fax: 314.241.7604 | Cell: 314-495-4493
**ATTORNEY FOR DEFENDANT**

/s/ Jason P. Osteen
ATTORNEY FOR PLAINTIFF

9

Electronically Filed - JACKSON - INDEPENDENCE - February 06, 2026 - 11:23 AM

Electronically Filed - JACKSON - INDEPENDENCE - December 10, 2025 - 11:41 AM

# ⦿ DEMPSEY KINGSLAND OSTEEN

**ATTORNEYS**
**LELAND F. DEMPSEY**
**ROBERT D. KINGSLAND**
**JASON P. OSTEEN**
**SYDNEY L. DOWELL**
**DIANE M. PLANTZ** JD MD
*All licensed in MO & KS*

**STAFF**
**DAWN COOK** *Paralegal*
**KERRY HOPKINS** *Paralegal*
**TERESA YOCKEY** *Office manager*
**KRIS PARÉ** *Legal assistant*
**ALICIA ALCORN** *Legal assistant*
**KIMM WHITE** *Legal assistant*

December 10, 2025

Jackson County Courthouse
308 W. Kansas Ave.
Independence, MO 64050
Attn: Civil Filing

      RE:    *Reynolds, et al. v. Rosewood Health & Rehab Center, LLC*
              Case No: 2516-CV40535

To Whom It May Concern:

      By this letter, we are requesting that Summons be prepared by the Court for the defendant Rosewood Health and Rehab Center, LLC. Please issue a Summons to be served with Petition for Damages in the above-referenced case to be served by the Sheriff of St. Louis City, Missouri.

Thank you for your attention to this matter.

              Truly yours,

              *Kris Pare*

              KRIS M. PARE`
              Legal Assistant
              *kris@dko-law.com*

*/kmp*

Electronically Filed - JACKSON - INDEPENDENCE - December 10, 2025 - 02:56 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

JENNIFER REYNOLDS, SURVIVING DAUGHTER ）
OF BOK LEE REYNOLDS, ）
P.O. Box 460302 ）
Glendale, CO 80246 ）
                                                                                   ）
and                                                                            ）
                                                                                   ）          **Case No. 2516-CV40535**
                                                                                   ）
MICHELLE REYNOLDS, SURVIVING DAUGHTER ）          **Division:** _____
OF BOK LEE REYNOLDS, ）
5400 Johnson Dr., Unit 175 ）
Mission, KS 66205 ）
                                                                                   ）
                                                                                   ）
             Plaintiffs,                                                ）
                                                                                   ）
v.                                                                             ）
                                                                                   ）
ROSEWOOD HEALTH AND REHAB CENTER, LLC ）
        **Serve Registered Agent:** ）
        Jeff Davis ）
        3625 Magnolia Avenue ）
        Saint Louis, MO 63110 ）
                                                                                   ）
             Defendant.                                               ）

**MOTION TO CHANGE CASE TYPE**

COME NOW Plaintiffs Motion the Court to Change the Case Type that was originally filed

with the code TC - Personal Injury-Medical Malpractice to code TH - Wrongful Death.

                                        Respectfully submitted,

                                        /s/ Jason P. Osteen
                                        Jason P. Osteen                    MO# 53549
                                        Dempsey, Kingsland & Osteen, P.C.
                                        1100 Main Street, Suite 1860
                                        Kansas City, Missouri 64105
                                        (816) 421-6868  Fax: (816) 421-2610
                                        ATTORNEY FOR PLAINTIFFS

1

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

**JENNIFER REYNOLDS, SURVIVING DAUGHTER OF BOK LEE REYNOLDS,**

|  |  |
|---|---|
| **PLAINTIFF(S),** | **CASE NO. 2516-CV40535** |
| **VS.** | **DIVISION 10** |

**ROSEWOOD HEALTH AND REHAB CENTER, LLC,**

**DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE AND ORDER FOR MEDIATION

---

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **JENNIFER PHILLIPS** on **13-APR-2026** in **DIVISION 12** at **09:00 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

  a. A trial setting;

  b. Expert Witness Disclosure Cutoff Date;

  c. A schedule for the orderly preparation of the case for trial;

  d. Any issues which require input or action by the Court;

  e. The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **MARTY WAYNE SEATON**
MARTY WAYNE SEATON**, Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
JASON PHILIP OSTEEN, DEMPSEY & KINGSLAND, 1100 MAIN STREET, STE 1860, KANSAS CITY, MO 64105

Defendant(s):
 ROSEWOOD HEALTH AND REHAB CENTER, LLC

 Dated:  11-DEC-2025                                      BEVERLY A. NEWMAN
                                                        Court Administrator



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARTY WAYNE SEATON | **Case Number: 2516-CV40535** |
| Plaintiff/Petitioner:<br>JENNIFER REYNOLDS, SURVIVING<br>DAUGHTER OF BOK LEE REYNOLDS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JASON PHILIP OSTEEN<br>DEMPSEY & KINGSLAND<br>1100 MAIN STREET, STE 1860<br>KANSAS CITY, MO  64105 |
| Defendant/Respondent:<br> ROSEWOOD HEALTH AND REHAB CENTER,<br>LLC | Court Address:<br>308 W KANSAS AVE<br>INDEPENDENCE, MO  64050 |
| Nature of Suit:<br>CC Pers Injury-Malpractice | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **ROSEWOOD HEALTH AND REHAB CENTER, LLC**
**Alias:**

**JEFF DAVIS**
**3625 MAGNOLIA AVENUE**
**SAINT LOUIS, MO  63110**

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

  11-DEC-2025
  Date

  Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by:  (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to
_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
      Printed Name of Sheriff or Server                          Signature of Sheriff or Server

*(Seal)*        **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
                                                Date                                        Notary Public

**Sheriff's Fees**
Summons                                  $_____
Non Est                                    $_____
Sheriff's Deputy Salary
Supplemental Surcharge        $_____10.00_____
Mileage                                   $_____  (_____ miles @ $._____ per mile)
**Total**                                   **$_____**

A copy of the summons and petition must be served on **each** defendant/respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

Case 4:26-cv-00157-FJG    Document 1-1    Filed 02/24/26    Page 24 of 35

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

6/2020

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

JENNIFER REYNOLDS, SURVIVING DAUGHTER )
OF BOK LEE REYNOLDS, et al. )
)
)
)
Plaintiffs, ) Case No. 2516-CV40535
)
v. )
)
ROSEWOOD HEALTH AND REHAB CENTER, LLC )
)
)
Defendant. )

## SECTION 538.225 AFFIDAVIT CONCERNING
## DEFENDANT ROSEWOOD HEALTH AND REHAB CENTER, LLC

COMES NOW Jason P. Osteen and being duly sworn upon his oath, states as follows:

1.     I am the attorney of record for Plaintiff in the above-captioned action for medical malpractice against Defendant.

2.     I am duly admitted to practice law in the state of Missouri, and I am a member of the Missouri Bar in good standing.

3.     I have obtained the written opinion of legally qualified health care providers who state that Defendant Rosewood Health And Rehab Center, LLC failed to use such care as a reasonable, prudent and careful health care provider would have used under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the Petition.

4.     The health care providers consulted by me, Daniel Swagerty, M.D. and Audrey Benedict, RN, are qualified to render an opinion in regard to care provided by named Defendant Rosewood Health And Rehab Center, LLC in that Dr. Swagerty is a

1

licensed physician actively practicing medicine and Ms. Benedict is a registered nurse actively providing nursing care.

5. Dr. Daniel Swagerty is board certified in both family practice and hospice and palliative medicine and practices in those fields. Dr. Swagerty's address is 121 Lowe, Dayton, Ohio 45402.

6. Ms. Audrey Benedict is a registered nurse practicing in the acute care setting, but who has practiced in the long-term and skilled nursing settings as well. Ms. Benedict's address is 2373 Schupbach Road Clever, MO 65631.

Respectfully submitted,

_____

Jason P. Osteen          #53549
Dempsey, Kingsland & Osteen, P.C.
1100 Main St., Suite 1860
Kansas City, MO 64105
(816) 421-6868; Fax (816) 421-2610
ATTORNEY FOR PLAINTIFFS

STATE OF MISSOURI          )
                           )  ss.
COUNTY OF JACKSON          )

I hereby certify that before me on this 11th day of December 2025, appeared Jason P. Osteen, and did execute the above and foregoing instrument as his free act and deed.

_Dawn E. Cook_
Notary Public

My Commission Expires:

DAWN E. COOK
Notary Public - Notary Seal
Jackson County - State of Missouri
Commission Number 14435661
My Commission Expires Sep 9, 2026

2

Electronically Filed - JACKSON - INDEPENDENCE - December 11, 2025 - 10:07 AM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

JENNIFER REYNOLDS, SURVIVING DAUGHTER )
OF BOK LEE REYNOLDS, et al. )
)
)
)
Plaintiffs, )     Case No. 2516-CV40535
)
v. )
)
)
ROSEWOOD HEALTH AND REHAB CENTER, LLC )
)
)
Defendant. )

### SECTION 538.225 AFFIDAVIT CONCERNING
### DEFENDANT ROSEWOOD HEALTH AND REHAB CENTER, LLC

COMES NOW Jason P. Osteen and being duly sworn upon his oath, states as follows:

1. I am the attorney of record for Plaintiff in the above-captioned action for medical malpractice against Defendant.

2. I am duly admitted to practice law in the state of Missouri, and I am a member of the Missouri Bar in good standing.

3. I have obtained the written opinion of legally qualified health care providers who state that Defendant Rosewood Health And Rehab Center, LLC failed to use such care as a reasonable, prudent and careful health care provider would have used under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the Petition.

4. The health care providers consulted by me, Daniel Swagerty, M.D. and Audrey Benedict, RN, are qualified to render an opinion in regard to care provided by named Defendant Rosewood Health And Rehab Center, LLC in that Dr. Swagerty is a

1

licensed physician actively practicing medicine and Ms. Benedict is a registered nurse actively providing nursing care.

5.   Dr. Daniel Swagerty is board certified in both family practice and hospice and palliative medicine and practices in those fields. Dr. Swagerty's address is 121 Lowe, Dayton, Ohio 45402.

6.   Ms. Audrey Benedict is a registered nurse practicing in the acute care setting, but who has practiced in the long-term and skilled nursing settings as well. Ms. Benedict's address is 2373 Schupbach Road Clever, MO 65631.

Respectfully submitted,

_____
Jason P. Osteen       #53549
Dempsey, Kingsland & Osteen, P.C.
1100 Main St., Suite 1860
Kansas City, MO 64105
(816) 421-6868; Fax (816) 421-2610
ATTORNEY FOR PLAINTIFFS

STATE OF MISSOURI       )
                        )  ss.
COUNTY OF JACKSON       )

I hereby certify that before me on this 11th day of December 2025, appeared Jason P. Osteen, and did execute the above and foregoing instrument as his free act and deed.

_____
Notary Public

My Commission Expires:

DAWN E. COOK
Notary Public - Notary Seal
Jackson County - State of Missouri
Commission Number 14435661
My Commission Expires Sep 9, 2026

2

Electronically Filed - JACKSON - INDEPENDENCE - December 11, 2025 - 11:53 AM

Electronically Filed - JACKSON - INDEPENDENCE - January 06, 2026 - 07:23 AM

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARTY WAYNE SEATON | Case Number: 2516-CV40535 |
| Plaintiff/Petitioner:<br>JENNIFER REYNOLDS, SURVIVING<br>DAUGHTER OF BOK LEE REYNOLDS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JASON PHILIP OSTEEN<br>DEMPSEY & KINGSLAND<br>1100 MAIN STREET, STE 1860<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>ROSEWOOD HEALTH AND REHAB CENTER,<br>LLC | Court Address:<br>308 W KANSAS AVE<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Pers Injury-Malpractice | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **ROSEWOOD HEALTH AND REHAB CENTER, LLC**
Alias:

**JEFF DAVIS**
**3625 MAGNOLIA AVENUE**
**SAINT LOUIS, MO 63110**

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

__11-DEC-2025__
Date

_____ Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☒ other __Not at this address__ .

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on __1/5/26__ (date) at __12:57__ (time).

__T. Roberson__ __W. Thompson 771__      __T. Ba 989__ __N. Lyn 771__
Printed Name of Sheriff or Server         Signature of Sheriff or Server

*(Seal)*

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
                          Date                              Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ | 10.00 |
| Mileage | $ | (____ miles @ $.____ per mile) |
| **Total** | $ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 25-SMCC-13315    1 of 1    Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - JACKSON - INDEPENDENCE - January 07, 2026 - 03:30 PM

# DEMPSEY KINGSLAND OSTEEN

ATTORNEYS

**LELAND F. DEMPSEY**
**ROBERT D. KINGSLAND**
**JASON P. OSTEEN**
**SYDNEY L. DOWELL**
**DIANE M. PLANTZ** JD MD

*All licensed in MO & KS*

STAFF

**DAWN COOK** *Paralegal*
**KERRY HOPKINS** *Paralegal*
**TERESA YOCKEY** *Office manager*
**KRIS PARÉ** *Legal assistant*
**ALICIA ALCORN** *Legal assistant*
**KIMM WHITE** *Legal assistant*

January 7, 2026

Jackson County Courthouse
308 W. Kansas Ave.
Independence, MO 64050
Attn: Civil Filing

> RE: *Reynolds, et al. v. Rosewood Health & Rehab Center, LLC*
> Case No: 2516-CV40535

To Whom It May Concern:

By this letter, we are requesting that an Alias Summons be prepared by the Court for the defendant Rosewood Health and Rehab Center, LLC at the following address:

> Rosewood Health & Rehab Center, LLC
> 1415 West White Oak St.
> Independence, MO 64050

Please issue a Summons to be served with Petition for Damages in the above-referenced case to be served by the Sheriff of Jackson County, Missouri.

Thank you for your attention to this matter.

Truly yours,

*Kris Pare*

KRIS M. PARE`
Legal Assistant
kris@dko-law.com

/kmp

LIGHTWELL BUILDING | 1100 MAIN ST, SUITE 1860
KANSAS CITY | PH 816.421.6868 | FX 816.421.2610



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JENNIFER PHILLIPS | Case Number: 2516-CV40535 |
| Plaintiff/Petitioner:<br>JENNIFER REYNOLDS, SURVIVING<br>DAUGHTER OF BOK LEE REYNOLDS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JASON PHILIP OSTEEN<br>DEMPSEY & KINGSLAND<br>1100 MAIN STREET, STE 1860<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>ROSEWOOD HEALTH AND REHAB CENTER,<br>LLC | Court Address:<br>308 W KANSAS AVE<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Pers Injury-Malpractice | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **ROSEWOOD HEALTH AND REHAB CENTER, LLC**
**Alias:**

**1415 WEST WHITE OAK ST**
**INDEPENDENCE, MO 64050**

**COURT SEAL OF**

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

08-JAN-2026
Date

Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server           Signature of Sheriff or Server

*(Seal)*     **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____    _____
Date                     Notary Public

**Sheriff's Fees**
| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* **Document ID# 26-SMCC-223** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:26-cv-00157-FJG    Document 1-1    Filed 02/24/26    Page 32 of 35

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JENNIFER PHILLIPS | Case Number: 2516-CV40535 |
| Plaintiff/Petitioner:<br>JENNIFER REYNOLDS, SURVIVING<br>DAUGHTER OF BOK LEE REYNOLDS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JASON PHILIP OSTEEN<br>DEMPSEY & KINGSLAND<br>1100 MAIN STREET, STE 1860<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>ROSEWOOD HEALTH AND REHAB CENTER,<br>LLC | Court Address:<br>308 W KANSAS AVE<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Pers Injury-Malpractice | (Date File Stamp) |

2/7

## Summons in Civil Case

The State of Missouri to: ROSEWOOD HEALTH AND REHAB CENTER, LLC

Alias: *Steven*

1415 WEST WHITE OAK ST
INDEPENDENCE, MO 64050

**COURT SEAL OF**

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

<u>08-JAN-2026</u>
Date

Clerk

Further Information:

## Sheriff's or Server's Return

## CORPORATION - PERSON IN CHARGE

I certify that I have served the within summons in Jackson County, Missouri, upon the within-named defendant corporation, _Rose wood Health and Rehab Center LLC_, by leaving a copy of the summons and a copy of the petition at the business office of said defendant corporation with _Jason Nusbaum / Director_, who said he/she was the person in charge thereof.

Place of service: _1415 W. White Oak St Independence, Mo 64050_

Date of service: _1/27/26_

Time of service: _1319_

**DEPARTMENT OF CIVIL PROCESS**
COURT ADMINISTRATOR'S OFFICE
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

BY_____ DEPUTY

**CIRCT 3033- 12/13**

| | | | | |
|---|---|---|---|---|
| Summons | $ | | | |
| Non Est | $ | | | |
| Sheriff's Deputy Salary | | | | |
| Supplemental Surcharge | $ 10.00 | | | |
| Mileage | $ | (____ miles @ $.____ per mile) | | |
| **Total** | $ | | | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only* Document Id # 26-SMCC-223 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:26-cv-00137-FJG    Document 1-1    Filed 02/24/26    Page 34 of 35

23-JAN-2026

# SERVICE RETURN

| DOCUMENT ID:<br>26-SMCC-223 | COURT DATE:<br>13-APR-2026, 09:00 AM |
| --- | --- |
| CASE NUMBER<br>2516-CV40535 | FOREIGN CASE NUMBER: |

☐ **Personal Service**  ☐ **Immediately**

☐ ASSOCIATE
☒ CIRCUIT
☐ FOREIGN
☐ FAMILY CT

DEFENDANT'S NAME AND ADDRESS:
ROSEWOOD HEALTH AND REHAB CENTER, LLC
1415 WEST WHITE OAK ST
INDEPENDENCE, MO 64050

Place of Employment:

On Who/Method of Service: _Jason Nusbaum / Director_

Date of Service: _1/27/26_ Time: _1319_ M. Deputy: SCHOENHUT, STEVEN

Comments/NE Reason:

____TEJ____                                    Serve By: **07-FEB-2026**

Documents to be Served: SUMMONS/PETITION

SRET (12/2020)

1/27 1315

1329 1319

Served to Jason Nusbaum

as Director